**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCES C. JIMENEZ, et al. | ) Case No.: 1:18-cv-01729 - DAD - JLT |
| Plaintiff, | ) |
| | ) ORDER TO PLAINTIFF TO SHOW CAUSE WHY |
| v. | ) THE ACTION SHOULD NOT BE DISMISSED |
| | ) FOR LACK OF SUBJECT MATTER |
| DEAN STILES, et al., | ) JURISDICTION |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Frances Jimenez asserts that the defendants in this action are liable for violations of the

constitutional rights of both Ms. Jimenez and her daughter, Jasmine Guerrerro. (*See generally* Doc. 1)

For the reasons set forth below, Plaintiff is **ORDERED** to show cause why the action should not be

dismissed for lack of jurisdiction.

**I.      Background**

Ms. Jimenez appears to assert that her daughter was removed from her custody on July 21,

2016, which she asserts "amount[s] to kidnapping under color of law." (Doc. 3 at 5, 9) She seeks

review of the actions of the defendants in the state court conservatorship action for her daughter, in

Kern County Superior Court Case No. S-1501-PB-64931.[1]   (*See id.* at 5; Doc. 10 at 4) Plaintiff

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333
(9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and
judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987);
*Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also*

contends the defendants wrongfully removed Jasmine from her home, "claiming conservator powers without justification and [in] violation [of their] rights." (Doc. 3 at 5) In addition, Plaintiff asserts Andrew Kendall, a public defender, "failed to collect evidence," "refused to talk to [the] conservatee" (Jasmine), and "refused to submit objections to [the] conservator." (*Id.* at 4-5)

## II.      Jurisdiction

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

The presence of subject matter jurisdiction is governed by the "well-pleaded complaint rule," under which the Court has jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Although Plaintiff cites several federal statutes, her claims address decisions made by the state concerning custody and conservatorship. Significantly, the Court declines "to hear disputes which would deeply involve . . . adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986.)

## III.      Discussion and Analysis

In essence, Plaintiff seeks a de novo review of the custody determination made by the state, which apparently removed her daughter from her care and has appointed a conservator. However, it is well-established that "the whole subject of the domestic relations of … parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (1930) (citation omitted). As a result, the Ninth Circuit has determined federal courts "should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, rights of visitation.'" *Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) (quoting *Hernstadt v. Hernstadt*, 373 F.2d 316, 217 (CA2 1967)). Thus, matters regarding "the proper care, custody and control of juveniles . . . have traditionally been left to the states." *Id.*

Notably, under the doctrine of equitable abstention, "federal courts traditionally decline to

---

*Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Therefore, the Court takes judicial notice of the docket and documents issued by the state court in Kern County Superior Court Case No. S-1501-PB-64931.

exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when the plaintiff raises a constitutional claim. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987), *cert. denied*, 484 U.S. 802 (1987).

### A.     *Rooker-Feldman* Doctrine

This Court lacks the authority to determine whether the state court acted appropriately. A party may not seek appellate review in federal court of a decision made in the state court under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, the Court "lack[s] jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Doe v. Mann*, 451 F.3d 1038, 1041-42 (9th Cir. 2005). In addition, a complaint in federal court must be dismissed for lack of subject matter jurisdiction if the "claims raised are . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 894, 898 (9th Cir. 2003), citing *Feldman*, 460 U.S. at 483, 485.

It appears numerous hearings and reviews have occurred since Plaintiff's daughter was removed from her home, including the denial of Plaintiff's request for visitation. Plaintiff's remedy was to seek appellate review of these orders in the state court if she was dissatisfied with the state court's decisions. The Court here is not permitted to sit in review of the actions of the state court.

### B.     *Younger* Abstention Doctrine

In general, federal courts are required to abstain from interfering on ongoing state matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Although *Younger* dealt with a criminal prosecution, the Supreme Court has extended the abstention principles to civil actions. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982); *see also Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011).

The *Younger* abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

First, it is clear from the Court's review of the state court's docket that the conservatorship action is ongoing, because a status conference has been set for May 17, 2019. Second, as discussed above, the custody and conservatorship proceedings implicate important state interests. *See Peterson*, 708 F.2d at 466; *Hernstadt*, 373 F.2d at 217. Third, there is no showing Plaintiff could not challenge the holdings of the state court with an appeal. Finally, Plaintiff's complaint seeks to insert the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court. Thus, it appears Plaintiff's claims are barred by the *Younger* abstention doctrine.

## IV.    Conclusion and Order

Because the action is ongoing and the Court is barred from reviewing decisions of the state court under the *Rooker-Feldman* doctrine, and *Younger* abstention doctrine, it appears the Court lacks subject matter jurisdiction.

Accordingly, the Court **ORDERS**: Plaintiff **SHALL** show cause in writing no later than **March 25, 2019** why the action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff is cautioned that if she fails to comply with this order, the action may be dismissed for failure to obey a court order pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:    **March 1, 2019**                          **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE