# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES C. JIMENEZ, et al. | Case No.: 1:18-cv-01729 - DAD - JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |
| v. | |
| DEAN STILES, et al., | |
| Defendant. | |

Frances Jimenez asserts that the defendants in this action are liable for violations of the constitutional rights of both Ms. Jimenez and her daughter, Jasmine Guerrerro. (*See generally* Doc. 1) Because the Court lacks subject matter jurisdiction over the claims and Plaintiff failed to respond to the Court's order, the Court recommends the action be **DISMISSED** without prejudice.

**I.    Background**

Ms. Jimenez appears to assert that her daughter was removed from her custody on July 21, 2016, which she asserts "amount[s] to kidnapping under color of law." (Doc. 3 at 5, 9) She seeks review of the actions of the defendants in the state court conservatorship action for her daughter, in Kern County Superior Court Case No. S-1501-PB-64931.[1] (*See id.* at 5; Doc. 10 at 4) Plaintiff

---
[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also*

1

contends the defendants wrongfully removed Jasmine from her home, "claiming conservator powers without justification and [in] violation [of their] rights." (Doc. 3 at 5) In addition, Plaintiff asserts Andrew Kendall, a public defender, "failed to collect evidence," "refused to talk to [the] conservatee" (Jasmine), and "refused to submit objections to [the] conservator." (*Id.* at 4-5)

On March 1, 2019, the Court ordered Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. (Doc. 12) The Court ordered her to respond no later than March 25, 2019. (*Id.* at 4) The Court cautioned her that the failure to comply with the order may result in dismissal "for failure to obey a court order pursuant to Local Rule 110." (*Id.*) To date, Plaintiff has not responded to the Court's order to show cause.

### III. Jurisdiction

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The presence of subject matter jurisdiction is governed by the "well-pleaded complaint rule," under which the Court has jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Although Plaintiff cites several federal statutes, her claims address decisions made by the state concerning custody and conservatorship. Significantly, the Court declines "to hear disputes which would deeply involve . . . adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986.

In essence, Plaintiff seeks a de novo review of the custody determination made by the state, which apparently removed her daughter from her care and has appointed a conservator. However, it is well-established that "the whole subject of the domestic relations of … parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (1930) (citation omitted). As a result, the Ninth Circuit has determined federal courts "should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, rights of visitation.'" *Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) (quoting

---

*Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Therefore, the Court takes judicial notice of the docket and documents issued by the state court in Kern County Superior Court Case No. S-1501-PB-64931.

*Hernstadt v. Hernstadt*, 373 F.2d 316, 217 (CA2 1967)). Thus, matters regarding "the proper care, custody and control of juveniles . . . have traditionally been left to the states." *Id.*

Notably, under the doctrine of equitable abstention, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when the plaintiff raises a constitutional claim. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987), *cert. denied*, 484 U.S. 802 (1987).

**A.** ***Rooker-Feldman* Doctrine**

This Court lacks the authority to determine whether the state court acted appropriately. A party may not seek appellate review in federal court of a decision made in the state court under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, the Court "lack[s] jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Doe v. Mann*, 451 F.3d 1038, 1041-42 (9th Cir. 2005). In addition, a complaint in federal court must be dismissed for lack of subject matter jurisdiction if the "claims raised are . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 894, 898 (9th Cir. 2003), citing *Feldman*, 460 U.S. at 483, 485.

It appears numerous hearings and reviews have occurred since Plaintiff's daughter was removed from her home, including the denial of Plaintiff's request for visitation. Plaintiff's remedy was to seek appellate review of these orders in the state court if she was dissatisfied with the state court's decisions. The Court here is not permitted to sit in review of the actions of the state court.

**B.** ***Younger* Abstention Doctrine**

In general, federal courts are required to abstain from interfering on ongoing state matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Although *Younger* dealt with a criminal prosecution, the

Supreme Court has extended the abstention principles to civil actions. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982); *see also Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011).

The *Younger* abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

First, it is clear from the Court's review of the state court's docket that the conservatorship action is ongoing, because a status conference has been set for May 17, 2019. Second, as discussed above, the custody and conservatorship proceedings implicate important state interests. *See Peterson*, 708 F.2d at 466; *Hernstadt*, 373 F.2d at 217. Third, there is no showing Plaintiff could not challenge the holdings of the state court with an appeal. Finally, Plaintiff's complaint seeks to insert the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court. Thus, the Court finds Plaintiff's claims are barred by the *Younger* abstention doctrine.

### III. Failure to Comply with the Court's Order

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

4

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

### A. Public interest and the Court's docket

The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's order. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether the defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp*., 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Plaintiff has not taken any action to prosecute the action following the Court's order to demonstrate that the district court has subject matter jurisdiction over the claims presented. Thus, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, no lesser sanction appears feasible given Plaintiff's lack of compliance with the Court's order.

### D. Public policy

Given Plaintiff's failure to comply with the Court's order and simultaneous failure to prosecute

the action, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone,* 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV.     Findings and Recommendations**

Because the state action is ongoing, and the Court is barred from reviewing decisions of the state court under the *Rooker-Feldman* doctrine, and *Younger* abstention doctrine, it appears the Court lacks subject matter jurisdiction. In addition, Plaintiff failed to comply with the Court's order. Accordingly, the Court **RECOMMENDS**:

    1.     This action be **DISMISSED** without prejudice; and

    2.     The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated: __**March 28, 2019**__              _____/s/ Jennifer L. Thurston__
                                                                                 UNITED STATES MAGISTRATE JUDGE